THE STATE vs. EGERER.

*September 21 — October 10, 1882.*

PLEADING: *(1) In action to recover forfeiture: Conclusion of law.*
ENCROACHMENT: JURISDICTION OF CIRCUIT COURT. *(2) No liability to penalty without order to remove. (3) When such order must be made. (4) Action for penalty triable in circuit court.*

1. Although the statute (R. S., sec. 3295) provides that in actions to recover forfeitures " it shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section and chapter containing such statute," a complaint which assumes to state the specific facts creating the liability, and concludes with the averment that the defendant thereupon "became indebted to the plaintiff," etc., is insufficient unless the facts specifically stated constitute a cause of action. Such allegation of indebtedness is merely of a legal conclusion from the facts stated.

2. A person is liable to the statutory penalty for failure to remove an encroachment, only in case an order has been lawfully made by the supervisors requiring him to remove the same, and a copy of such order regularly served upon him.

3. An order made October 4th and served October 5th, requiring the occupant of land to remove a fence which encroaches upon the highway, and which was not built within the three months next before October 4th, is a mere nullity under sec. 1337, R. S., which provides that no person shall be required to remove such fence, except between the first day of November and the first day of April.

4. An action for the recovery of the penalty for failure to remove an encroachment may be brought in the circuit court.

APPEAL from the Circuit Court for *Calumet* County.

Action brought in the circuit court to recover a penalty for an alleged encroachment by the defendant upon a public highway on the line between the towns of Stockbridge and Brothertown, in the county of Calumet. The complaint alleges that before 1881 the defendant built a rail fence at a specified place within the limits of such highway, and still maintains the same; and that by an order of the supervisors of those towns, duly made and filed, the highway so encroached upon was assigned to the town of Brothertown, to be maintained and repaired by it. The complaint further alleges that on October 4, 1881, the supervisors of Brothertown made an order requiring the defendant to remove such fence beyond the limits of the highway within thirty days, a copy of which order was served by the supervisors on the defendant the next day (October 5), and that the defendant has disregarded the order and continues the encroachment. The complaint closes with an averment that the defendant thereupon " became indebted to the plaintiff in the sum of fifty cents a day from and after and since the 5th day of November, 1881, according to the provisions of sections 1330 and 1331 of the revised statutes of Wisconsin." Judgment is demanded accordingly.

The defendant demurred to the complaint on the grounds: " (1) That the court has no jurisdiction of the subject of the action; (2) that several causes of action have been improperly united; (3) that the complaint does not state facts sufficient to constitute a cause of action; and (4) that the action was not commenced within the time limited by law, to wit, within the time prescribed by chapter 52 of the revised statutes of Wisconsin, and particularly that portion thereof entitled ' Encroachments.' "

The plaintiff appealed from an order sustaining the demurrer.

The cause was submitted upon the brief of *Thos. Lynch* for the appellant, and upon that of *John E. McMullen* for the respondent.

LYON, J. The complaint assumes to state the specific grounds of the action. This was unnecessary under the statute, which provides that in such an action " it shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section, and chapter containing such statute." R. S., 842, sec. 3295. The word " forfeiture," as thus employed, includes a penalty. Sec. 3294. True, the complaint alleges an indebtedness under the provisions of sec. 1330, R. S., but that is alleged as the legal conclusion from the specific facts stated. If, therefore, those facts do not constitute a cause of action, the demurrer was properly sustained. The case is precisely like that of *Teetshorn v. Hull*, 30 Wis., 162, in which it was so ruled. See, also, *Kellam v. Toms*, 38 Wis., 592, where the same rule was applied to a complaint upon a judgment.

The question is, therefore, whether the facts stated specifically in the complaint show a cause of action against the defendant for the penalty claimed. A person is liable to the penalty of the statute only when he fails to remove the encroachment within thirty days after the supervisors' order to do so is served upon him; or, if he denies the encroachment, within thirty days after an adjudication of the issue against him; and the penalty commences in either case at the expiration of the thirty days. R. S., 414, secs. 1330–1334. Hence, unless an order was lawfully made by the supervisors requiring the defendant to remove the encroachment, and a copy of it regularly served upon him, he has incurred no penalty, and the action cannot be maintained.

Sec. 1330 provides that in case of encroachment upon a lawful highway the supervisors of the town shall make an order *requiring* the occupant of the land to which the encroachment is appurtenant to remove the same within thirty days, and to cause a copy of the order to be served upon

such occupant. Sec. 1337 is as follows: "No person shall be required to remove any fence, under the above provisions, except between the first day of November and the first day of April, unless the same shall have been made within three months next before the making of the order for the removal thereof." The complaint states affirmatively that the encroachment here complained of is a fence, and that it was not made within three months next before the making of the order for its removal. Hence the section is applicable to the case.

It is perfectly obvious that the making and service of the order provided for in sec. 1330 is a requirement that the occupant remove the encroachment. By making the order alleged in the complaint, and by serving a copy of it on the defendant, the supervisors *required* the defendant to remove his fence. This is precisely what sec. 1337 enacts shall not be done between April 1st and November 1st. Yet the order in question was made October 4th, and served October 5th. The proceeding was without authority of law, and is therefore a nullity. Were the true construction of the statute more doubtful than we now regard it, the familiar rule that penal statutes must be construed strictly in favor of defendants would probably compel us to give it the same construction. The defendant never having been lawfully required to remove his fence, no penalty has accrued against him, and the fact appearing upon the face of the complaint, the demurrer thereto was properly sustained.

On the question of the original jurisdiction of the circuit court over the action, which has been somewhat argued, it is sufficient to say that our attention has not been directed to any statute which takes away such jurisdiction. We do not doubt the action may be brought in the circuit court, although within the jurisdiction of a justice of the peace. That circumstance goes only to the question of costs.

Other points are discussed in the briefs of counsel, but it is deemed unnecessary to consider them.

*By the Court.*— Order affirmed.