THE TOWN OF JAMESTOWN, Respondent, vs. THE CHICAGO, BURLINGTON & NORTHERN RAILROAD COMPANY, Appellant.

*October 17 — November 1, 1887.*

*Action by town: Highways, restoration of: Mandatory injunction: Pleading: Railroad company.*

1. Our statute permits any railroad company to construct its road-bed across or along a public highway, upon the express condition that it shall restore such highway to its former usefulness; and it may be compelled by mandatory injunction to perform that duty.

2. A town in this state, being bound by law to keep the public highways within its limits in a condition suitable for travel, and being liable to travelers for injuries caused by obstructions and defects therein, has sufficient interest in the preservation and protection of such a highway, the usefulness of which has been impaired by the construction of a railroad track along or across it, to maintain an action to compel the railroad company to restore it to its former usefulness, in case it neglects for an unreasonable time to do so.

3. A complaint, in an action to compel a railroad company to restore to its former usefulness a highway crossed by its track, served in January, 1886, which alleges that the company commenced destroying the highway in 1884, and that though requested by the town to perform its legal duty in restoring the same, it has failed to do so, shows *prima facie* that ample time has elapsed for it to perform that duty.

APPEAL from the Circuit Court for *Grant* County.

The nature and history of the cause sufficiently appear in the opinion.

For the appellant the cause was submitted on the brief of *Cameron, Losey & Traer* and *Orr & Lowry*. They contended that the complaint shows that the appellant has not yet completed the construction of its road on and across the highway in question, and hence does not show any unreasonable delay in restoring the same. Sec. 1836, R. S. The duty of doing so did not attach until it had completed such construction, and while it occupied the highway for that purpose the town was not liable for any injuries caused thereby. *Hammond v. Mukwa*, 40 Wis. 41; *Danville R. Co. v. Commonwealth*, 73 Pa. St. 36. It is entitled to a reasonable time, after exercising its privilege. The inconvenience which has resulted to the inhabitants of the town from the condition of this highway is no greater than often results from closing of roads for the doing of work expressly permitted by public authority. Mere anticipated injury to the plaintiff, which neither exists nor is threatened by the defendant, nor is inevitable, is not sufficient ground for an injunction. *Bigelow v. Bridge Co.* 14 Conn. 565. The powers of towns respecting highways are carefully defined by secs. 1223, 1330, 1337, R. S. The remedies there given them are exclusive, and equity will not interfere. Dillon on Mun. Corp. secs. 656, 657, 996, 1000; High on Injunctions, secs. 31, 32. No obstruction of a highway under public authority can be restrained as a nuisance. *Trans. Co. v. Chicago*, 99 U. S. 640. If the delay in restoring the highway is a nuisance, it is a public one, for which the town cannot prosecute. *Georgetown v. Alexandria Canal Co.* 12 Pet. 91, 99, 100; Angell on Highways, secs. 275, 284; *Milwaukee v. Mil. & B. R. Co.* 7 Wis. 85; *Sheboygan v. Sheb. & F. du L. R. Co.* 21 id. 667; *Racine v. Crotsenberg*, 61 id. 481; *Detroit v. D. & M. R. Co.* 23 Mich. 173. The

duty of the town to keep its highways in repair will not support such an action as this. It can protect itself by repairing the road and suing the railroad company for the expense. *Oconto v. Chi. & N. W. R. Co.* 44 Wis. 231. It may also protect itself by warning travelers not to pass the road. *Hammond v. Mukwa, supra.* If the acts of the company in the highway cause actionable injury, the party injured may recover damages from either the railroad company or the town; and if against the latter, it may have its action over against the company. *Roberts v. Chi. & N. W. R. Co.* 35 Wis. 679; *Lowell v. B. & L. R. Corp.* 23 Pick. 29.

For the respondent there was a brief by *Clark & Mills,* and oral argument by *J. T. Mills.* They argued that the delay from 1884 to 1886, to restore the road, as alleged in the complaint, was unreasonable. The statute does not authorize a railroad company to obstruct a highway until its own road is completed, which might be for years. *Gates v. N. Pac. R. Co.* 64 Wis. 68. The acts of the railroad company, while constituting a public nuisance, cause a peculiar injury to the town, in consequence of its legal obligation to keep the highway in repair. The duty it seeks to enforce is given by statute, and an injunction ought not to be denied. The right of a city to restrain by injunction the obstruction of a canal was not doubted in *Wis. Cent. R. Co. v. Smith,* 52 Wis. 144. The same right should be conceded to towns. *Springfield v. Conn. Riv. R. Co.* 4 Cush. 67; High on Injunctions, sec. 819; *City of Roxbury v. B. & Pr. R. Co.* 6 Cush. 430.

COLE, C. J. Though this is an appeal from an order refusing to strike from the files (and overruling the demurrer) the amended complaint, because the cause of action has been changed from one at law to one in equity, still no objection is now taken to the order on account of such change. The original complaint was doubtless based upon

a legal action to recover damages for the destruction of a highway of the town; but there were two amended complaints subsequently served and filed, asking equitable relief. These complaints were excepted and demurred to on the ground that they did not state a cause of action; but no objection was taken that an unauthorized amendment had been made which changed the action from one at law to one in equity. Under the circumstances, the learned circuit court held that the objection to the refusal to strike the amended complaint from the files for that reason had been waived, and at the same time overruled the demurrer. We think the court was right in the view it took of the matter; at all events, no objection is now taken to the order on account of the change in the cause of action. That point need not further be considered, and we pass to the questions raised by the demurrer.

The action is for a mandatory injunction to compel the defendant company to restore to its former state of usefulness a public highway which it has practically destroyed in making its railroad track. It is alleged, in substance, that there was a public highway, of great importance to the residents of the town, which extended along the bottom and bluffs of the Mississippi river on the east side, which had been used and worked by the town for many years, and which afforded the only convenient communication to market for those citizens of the town who resided on the bottom and adjacent bluffs of the river. It is alleged that the Winona, Alma & Northern Railway, the predecessor of the defendant company, began to trespass and destroy this highway in the year 1884, and that this destruction has been continued by the defendant company to the commencement of this suit; that the defendant in building its road has taken possession of many portions of the highway, and by excavation, digging, and piling dirt upon them, by grading its track, has rendered the highway wholly impassable and

useless for travel; that there is not space enough in many places between the bluff and the river for the railroad track and highway; and that it is impossible for the town to construct a new highway by the side of the railroad without great and unnecessary expense of at least $5,000, and without first destroying the railroad track. The relief asked is that the defendant be enjoined from further obstructing the highway, and that it be ordered to restore it to its former state, or to such condition that its usefulness will not be materially impaired as a highway.

The main objection to the complaint is that the town has no right to bring the action; that it has no such interest in the preservation and protection of the highways within its limits as will warrant it in invoking the relief sought. This question is a new one in this court, so far as we are advised; but we are inclined to sustain the action upon this ground: Towns in this state are responsible for the construction and repair of all highways within their limits. They are liable for damages to travelers occasioned by obstructions and defects, and they should have legal remedies commensurate in some degree to their liability. The statute gives to the supervisors of towns the care of highways in their respective towns, and makes it their duty to see that they are kept in repair, and to cause to be removed all obstructions therefrom. Sec. 1223, R. S. It seems to be the policy of all legislation upon the subject that the officers of the town shall be charged with the duty of preserving and repairing highways, and of keeping them in a suitable condition for travel. Ch. 493, Laws of 1887, is in harmony with this legislation, and authorizes town supervisors to enter into contracts or make arrangements with railroad companies in respect to crossings of highways by railroads. Now, in view of all this legislation, we are inclined to hold that a town has a redress for the destruction of one of its highways, and may maintain an action to compel a railroad

company to restore it to its former usefulness, where it has impaired it by building its track. Every railroad company is authorized to construct its road-bed across or along the highway, upon condition that it restore such highway to its former state of usefulness. Secs. 1828, 1836, R. S. Now, the town seeks to enforce the performance of this plain, positive, statutory duty for the benefit of its citizens. The complaint alleges that the town requested the defendant to perform this legal duty, with which request it has failed to comply. Upon the allegations of the complaint, it appears *prima facie* that ample time has elapsed since the defendant destroyed the highway to restore it for public travel. The work of destruction commenced in 1884, but no reparation had been made when this action was brought. Of course, it is impossible to use the railroad track for an ordinary highway. And since the defendant has appropriated the highway for the use of its road, or destroyed it for the purposes of travel, it would seem to be but manifest justice and equity to compel it to perform its duty which the law imposes. It is impossible to say that the town has suffered no special injury by the destruction of the highway which it has made, and upon which it has expended large amounts of labor and money to keep in repair. The injury is of so serious a character that the restoring of the highway to its former condition is the only remedy which will meet the requirements of the case. Upon the facts stated, we think the court should exercise its jurisdiction by mandatory injunction to compel the defendant to perform that duty. The authorities upon injunction warrant such an exercise of the writ. Kerr, Inj. 231, 232; 1 High, Inj. § 2; *McDonogh v. Galloway*, 7 Rob. (La.), 442; *Church v. Gristgau*, 34 Wis. 328.

The case of *Springfield v. Conn. Riv. R. Co.* 4 Cush. 63, was a bill in equity to enjoin the defendants from maintaining a railroad and running cars thereon upon and over a public highway in Springfield, on the ground that the rail-

road was a nuisance. It was held that the inhabitants of the town, in their corporate capacity, had such an interest in the preservation and protection of the highways of the town as would warrant them in applying to the court to restrain and prevent such nuisance. Afterwards a statute was passed by which jurisdiction in equity was given the court to compel railroad corporations, on the application of the municipal authorities or selectmen of the town, to comply with the orders of the county commissioners respecting the manner of constructing a railroad which crosses a public highway. *Brainard v. Conn. Riv. R. Co.* 7 Cush. 506.

But it is said *Milwaukee v. Mil. & B. R. Co.* 7 Wis. 85, and *Sheboygan v. S. & F. du L. R. Co.* 21 Wis. 675, are authorities against the town's maintaining this suit. In the first case, the city of Milwaukee, by virtue of its interest or property in the streets, attempted to enjoin the railroad company from building its road in the street. It was held that the city had no such property or interest in the streets as would authorize it to maintain the suit. But the question we have been considering was not even alluded to in the case, and, of course, not decided. In the *Sheboygan Case*, it was not clear whether the acts complained of were authorized by the charter or not. But as the right to the injunction depended upon a disputed question, it was held that no injunction should issue until, at least, by an action at law, the acts of the company were shown to be illegal. In the opinion this language is used: " Our statute imposes upon towns the obligations of keeping in repair all public highways and bridges within their respective limits. The town, therefore, has an interest of a certain kind in preventing acts destructive of a public highway within its limits, not common to the people at large." We think this remark states the true ground of the right of the town in this case to invoke the equity powers of the court by injunction.

*By the Court.* — The order of the circuit court is affirmed.