The City of Oshkosh, Respondent, vs. The Milwaukee & Lake Winnebago Railroad Company, Appellant.

*September 26 — October 15, 1889.*

*Railroads: Restoring highways to former usefulness: Mandatory injunction: Adequate legal remedy: Establishing permanent grade.*

1. A railroad company may be compelled by mandatory injunction to restore to its former condition of usefulness a highway across or along which it has constructed its track.

2. A complaint alleging that a railroad company in constructing its track along a street has obstructed the same by raising an embankment therein eighteen inches high above the grade; that it is impracticable to drive over the track between one end of a long block and another; and that it is impossible to turn with an ordinary team and vehicle upon the street, or to drive in and out of the lots and premises along the street with teams and heavy loads — is *held* to show facts entitling the city to the injunction.

3. It is not a valid objection to the granting of such injunction, that the city might restore the street and recover the expense thereof from the company.

4. Nor is it necessary that the city should establish a permanent grade before calling upon the company to restore the street.

APPEAL from the Circuit Court for *Winnebago* County.

This is an action for a mandatory injunction to compel defendant to restore to its former condition of usefulness that portion of a public street upon which its track is laid. The defendant appeals from an order overruling a demurrer to the complaint.

For the appellant there was a brief by *Chas. W. Felker*, attorney, and *D. S. Wegg* and *Howard Morris*, of counsel, and oral argument by *Mr. Felker*.

For the respondent there was a brief by *M. H. Eaton*, city attorney, and *H. B. Jackson*, of counsel, and oral argument by *Mr. Jackson*.

COLE, C. J.   This case, in principle, is ruled by the decision in *Jamestown v. C., B. & N. R. Co.* 69 Wis. 648. In that case this court sustained a bill brought by the town to compel the railroad company to restore a public highway which it had practically destroyed in constructing its road, to its former condition of usefulness for public travel. The jurisdiction of the court was rested upon the ground that a court of equity would compel a railroad corporation to perform the plain statutory duty of restoring the highway which it had invaded to its former state of usefulness, as a condition to using it for the purposes of its road-bed. This

duty is imposed by statute in plain and positive language, and a railroad corporation has no warrant in law to invade a highway with its track without complying with the law which grants the privilege for it to do so. It is contumacious and wrongful conduct for the officers of a railroad corporation to occupy a public highway with its track, practically destroying the street for purposes of public travel, and then defy or disregard all law and all authority invoked to compel them to repair the wrong which they had done the public. The courts would be impotent indeed if they could not correct such flagrant invasions of public right.

The legislature has seen fit to authorize a railroad company to construct its track across and along a highway, subject to the express condition that it restore the highway to its former state of usefulness, or that it does not materially impair the highway for public travel, and maintains it in that condition afterwards. But the duty to restore and keep in repair is coupled with the privilege to use and occupy the highway for its track; and if the corporation will not perform its duty it should not enjoy the easement granted. These considerations are in accord with the most obvious principles of justice and public rights.

The slightest attention to the facts stated in the complaint will convince any one that the defendant company has very materially impaired and injured Division street by the manner it has built its track therein. In constructing its road in that street it is alleged that it has obstructed the same by raising an embankment in the street in many places eighteen inches high above the grade as it was before the road-bed was built, and in other places varying from that height to a few inches, and maintains such embankment at that elevation above the grade. It is alleged that it is impracticable to drive over the railroad track between one end of a long block and another; that it is impossible to turn with an ordinary team and vehicle upon the

street, or to drive in and out of the lots and premises along the street with teams and heavy loads. In view of these facts it is idle to allege or say that the street has not been nearly destroyed by the construction of the railroad therein; certainly its usefulness as a public street has been materially impaired. The railroad company has refused, though requested by the officers of the city, to put the street in a condition for public use as a highway. These, with other facts stated, present a case for the exercise of the jurisdiction of a court of equity, by way of mandatory injunction, to compel the railroad company to perform its duty, within the doctrine of the *Jamestown Case.*

It is said the court should not exercise its extraordinary powers by way of mandatory injunction to compel the railroad company to restore the street for public use, because the city itself may do the work and recover the expense of doing it of the company. Such an objection surely comes with bad grace from the railroad company, insisting that it should not be compelled to restore the street because the city has power to do the work which the statute requires it should do. The acts of the railroad company constitute a nuisance, for it has no authority to use the street for its road-bed without restoring it to its former condition. It is no excuse for its default to say that the city may make it suitable for public use. The railroad company should either abandon the street for the use of its track or restore things to their former condition as the statute requires.

It is said before the city calls on the railroad company to restore the street it should establish a permanent grade thereof. But it is no concern of the company whether the city has established the grade of the street or not. Its duty is to repair the injury it has done the highway. When the company has restored, as near as possible, Division street to its former state of usefulness, it will have fulfilled the condition upon which it has the right to occupy it with its

track.   A mandatory injunction would seem to be the only adequate remedy to redress the wrong to the public rights, and is fully warranted by the facts stated in the complaint.

*By the Court.*— The order of the circuit court overruling the demurrer to the complaint is affirmed, and the cause remanded for further proceedings according to law.