THE TOWN OF NESHKORO, Appellant, vs. NEST and another, Respondents.

*April 14 — May 2, 1893.*

*Towns: Highways: Restraining obstruction.*

A town may maintain an action in equity to prevent the obstruction of a highway within its limits; and under ch. 190, Laws of 1882, such action may be brought before the right is determined in an action at law.

APPEAL from the Circuit Court for *Marquette* County.
This was an action in equity for an injunction restraining defendants from obstructing with logs, timbers, trees, etc., an alleged public highway in the plaintiff town, and directing the removal of such obstructions already placed therein.   It appeared by the complaint that a much traveled highway had existed for many years across defendants' farm; that the defendants began to obstruct the same in April, 1891, by felling trees, building fences, and otherwise obstructing the same so that travel became impossible, and have renewed such obstructions as often as the town removed them, and threaten to continue so to do, and also threaten to shoot the officers of the town if they attempt to clear the way of obstructions.   It also appears that defendants claim that the *locus in quo* has ceased to be a highway by virtue of a pretended alteration of said highway, made by the county board of supervisors of Marquette county, by which said road was made to run around defendants' premises instead of across the same; but the complaint charges facts which, if true, show that such alteration was void and of no effect for lack of a ·petition signed by the required number of freeholders.   A demurrer to the complaint on the ground of insufficiency of facts, and that plaintiff has an adequate remedy at law, was sustained by the court, and plaintiff appeals.

For the appellant there were briefs by *Thompson, Harshaw & Davidson*, and oral argument by *J. H. Davidson*. To the point that a municipal corporation can maintain an action in equity to· prevent the obstruction of its highways, they cited, in addition to cases cited in the opinion, *Campbell v. Seaman*, 63 N. Y. 582; Elliott, Roads & Sts. 496; 1 High, Inj. sec. 816; · *Trustees of Watertown v. Cowen*, 4 Paige, 510; *Burlington v. Schwarzman*, 52 Conn. 181; *Craig v. State ex rel. Nevill*, 47 Ill. 487.

For the respondents there was a brief by *John J. Wood*,

*Jr.,* attorney, and *Geo. E. Sutherland,* of counsel, and oral argument by *Mr. Sutherland.* They contended, *inter alia,* that plaintiff in its corporate capacity has no such interest or property in the public highway in question as to authorize it to maintain this action. *Milwaukee v. M. & B. R. Co.* 7 Wis. 85; *Sheboygan v. S. & F. du L. R. Co.* 21 id. 670; *Janesville v. Carpenter,* 77 id. 288, 297. A court of equity will not interfere until it is determined in a court of law that the acts of the defendants are unauthorized. *Remington v. Foster,* 42 Wis. 608–9; *Smith v. Oconomowoc,* 49 id. 694–6; *Pennoyer v. Allen,* 51 id. 360–3; *Bunnell's App.* 69 Pa. St. 62; *Mohawk Bridge Co. v. U. & S. R. Co.* 6 Paige, 554; *Bay State Brick Co. v. Foster,* 115 Mass. 431; *Washburn v. Miller,* 117 id. 376; *Woodbridge v. Inslee,* 37 N. J. Eq. 397–400.

WINSLOW, J. It is insisted by respondents that the town has no such interest in a public highway as will entitle it to maintain an action in equity to prevent obstruction thereof, and they rely on *Milwaukee v. M. & B. R. Co.* 7 Wis. 85, and *Sheboygan v. S. & F. du L. R. Co.* 21 Wis. 670, to justify their contention. How far these cases sustain respondents' position it is unnecessary to consider. This court has recently, in a number of cases, affirmed the right and power of a municipal corporation to maintain such an action. *Jamestown v. C., B. & N. R. Co.* 69 Wis. 648; *Oshkosh v. M. & L. W. R. Co.* 74 Wis. 534; *Waukesha H. M. S. Co. v. Waukesha,* 83 Wis. 475. The question is no longer open.

It is further insisted that a court of equity will not interfere until the right is determined at law. This is not an indictment or information on behalf of the general public, but an action in equity by the town in its corporate capacity merely, based on its special interest as the guardian of the highways within its limits; and we think it is within

the provisions of ch. 190, Laws of 1882 (sec. 3180, S. & B. Ann. Stats.), which provide that an equitable action may be brought before the nuisance is established in an action at law.

*By the Court.*— Order reversed, and cause remanded with directions to overrule the demurrer.