Town of Levis vs. Black River Improvement Co.

Town of Levis, Plaintiff in error, vs. Black River Improvement Company, Defendant in error.

*December 16, 1899 — February 2, 1900.*

*Contracts: Consideration: Damages: Highways: Pleading: Cause of action.*

1. A contract between the defendant and the plaintiff town whereby, among other things, the former was to build three highways of the town, and keep them in repair so far as they might be damaged from flooding from a certain dam, in consideration of the withdrawal of certain suits and the relinquishment of all claims for damages, is not such as is contemplated by sec. 1225, S. & B. Ann. Stats. (providing that the supervisors, if so instructed at an annual town meeting, may let by special contract, to the lowest bidder, any and all highways of such town to be kept in repair for a term not exceeding five years), but is based on a sufficient consideration, and is valid and enforceable where it is shown that the town·had performed its part of the contract and had sustained actual damage by defendant's failure to comply with its stipulation to repair.

2. Such an agreement will not support an action by the town against the owner of the dam to recover the estimated cost of needed repairs to said roads because of flooding from said dam, before the town has incurred any expenditure for the making of repairs, or sustained any liability, resulting from its duty to the public to keep its highways in a reasonably safe condition for travel.

3. *Quære*, whether, in such cases, notice of the injury to the road and a request to repair are necessary.

ERROR to review a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

For the plaintiff in error there was a brief by *J. R. Sturdevant & Son* and *Chas. F. Grow,* and oral argument by *Mr. Grow.*

For the defendant in error there was a brief by *L. M. Sturdevant* and *Losey & Woodward,* and oral argument by *Mr. Sturdevant* and *Mr. G. M. Woodward.*

The following opinion was filed January 9, 1900:

PER CURIAM. This case is ruled by *Dow v. Deissner, ante,* p. 385, and cases therein cited. The ruling sought to be reviewed arises upon a demurrer *ore tenus.* No bill of exceptions was settled, and no exception has been preserved in the record according to established practice. This leaves us powerless to review such ruling.

*By the Court.*— The judgment of the circuit court is affirmed.

The following opinion was filed February 2, 1900:

BARDEEN, J. The judgment in this case was affirmed upon the grounds stated in the case of *Dow v. Deissner, ante,* p. 385. A rehearing having been sought in that case, this court has found it necessary to recede from the position there taken, as will be noted in the opinion filed on such application. To avoid the necessity of a rehearing in this case, we have thought it advisable to examine the case on the merits. The complaint alleges a supposed cause of action based upon a contract between plaintiff and defendant made May 12, 1883, which is set out at length. By the terms of this contract the defendant agreed to pay the plaintiff the sum of $75, and to build three certain roads described therein, and to "keep above-specified roads in repair so far as they may be damaged from flooding from said Dells dam," in considera-

tion whereof the plaintiff agreed to withdraw all pending suits and relinquish all claims for damages against the defendant. The complaint further states that the defendant built the roads referred to, and kept them in repair up to the month of June, 1890, since which time it has made no repairs; that, by reason of the flooding from said dam and the failure to make repairs, said roads have been washed away in part, and have become in an unsafe, dangerous, and defective condition, and, as plaintiff is informed and believes, it will require an outlay of not less than $2,000 to put them in safe condition; that said roads were a part of the main-traveled highways of the town; and that plaintiff had performed its part of the contract. Judgment was demanded for $2,000 and costs. The court sustained an objection to the introduction of any evidence under the complaint, because it failed to state a cause of action, and judgment was entered for defendant. The printed case, by some oversight, fails to disclose how the case got to this court, but the record shows it was brought here on writ of error sued out by plaintiff. We mention this fact here in order to suggest to attorneys the necessity of having the printed case show a complete history of the suit, and the manner in which it is brought to this court for consideration.

Two questions arise: First. Is the contract legal? Second. Does the complaint show that the town has sustained any damage, for the recovery of which this action will lie?

1. The defendant insists that the contract in suit is one contemplated by sec. 1225, S. & B. Ann. Stats., and that none of the conditions precedent prescribed in the law are shown. That section, among other things, provides that, if so instructed at an annual town meeting, the supervisors or commissioners may let, by special contract or otherwise, any and all highways to be kept in repair for a term not exceeding five years. A mere inspection of the contract set out in the complaint demonstrates that it is not such a one as this sec-

tion contemplates. The engagement of defendant is to build certain roads, and keep them in repair "so far as they may be damaged from flooding from said Dells dam." This is not a contract to keep the roads in repair generally, but simply to repair them so far as they might thereafter become injured from flooding by the dam. The covenant is a continuing one, and would run as long as the defendant maintained a dam which threatened to flood the roads. It was based upon a sufficient consideration, namely, the withdrawal of all pending suits, and the relinquishment of all prior claims for damages. No reason has been urged, and none occurs to us now, why the contract is not valid and enforceable, when it is shown that the town has sustained actual damage by failure to comply with the stipulation to repair.

2. It will be observed that the complaint alleges that the roads have become out of repair by reason of flooding from the defendant's dam, and that it will cost about $2,000 to restore the same. It is not alleged that the roads are impassable, or that the town has sustained any liability by reason thereof, or that it has made any expenditure of money in the way of making repairs. So far as the complaint shows, the roads have become out of repair, and have been suffered to remain so, without any effort on the part of the town to meet its statutory obligation. The question squarely presented is, Can the town maintain an action to recover the alleged cost of repairs, when it has sustained no actual liability for accidents, and has made no expenditure in the way of making the necessary repairs? The town has no proprietary interest in its roads. Its obligations with reference to them are statutory, and rest upon its duty to the public to keep them in a reasonably safe condition for travel. Its liability in that regard existed before the contract was made, and was not increased or diminished by reason thereof. If through the act of another they become

Town of Levis vs. Black River Improvement Co.

out of repair, the town may make the necessary repairs and collect the expense from the offending party (*Octonto v. C. & N. W. R. Co.* 44 Wis. 231; *West Bend v. Mann,* 59 Wis. 69); or the town might maintain a suit in equity for a mandatory injunction to compel the restoration of the roads to their former condition (*Jamestown v. C., B. & N. R. Co.* 69 Wis. 648; *Oshkosh v. M. & L. W. R. Co.* 74 Wis. 534). See *Waukesha H. M. S. Co. v. Waukesha,* 83 Wis. 475; *Neshkoro v. Nest,* 85 Wis. 126; *Eau Claire v. Matzke,* 86 Wis. 291; *Madison v. Mayers,* 97 Wis. 399.

The first class of cases is based upon the fact that the municipality had paid a fixed sum, to recover which the action was brought. The others rest upon the idea that the actual or threatened injury was of such a character that a restoration, or prevention of threatened injury, was the only remedy that would fully meet the requirements of the case. In none of the cases is it held or intimated that an action at law could be maintained to recover the money value of the damage done, where the town had made no repairs or sustained no actual damage. The putting of a highway in a safe condition for use is a matter resting in the reasonable discretion of the town authorities. Until that discretion has been exercised, no one can say, to a reasonable certainty, what the expense of the work will be. When the repairs have been made, an absolute standard for a recovery has been fixed, and reimbursement for the actual outlay is the proper measure of damages. In a case like this, no expenditure for repairs having been made, the judgment of the jury as to the cost is sought to be substituted for that of the town officials. If the town held the roads in absolute right, there would be no great difficulty, but the town sustains no such relation thereto, the title to the roads belonging to the adjoining owners. The public has the right of travel and the town is charged with the duty of maintenance, with no right of property. Its primary duty is to keep the road in

repair.    An injury to a road by the act of a stranger is not, as we view it, such an item of damage as will permit the town to secure a money judgment therefor before it has incurred any expense for its repair.    To permit this to be done would be to put it upon the same basis as a general asset of the town.    The town might secure a recovery and then abandon or discontinue the road.    Its right to a recovery is not based upon any claim of ownership or damage to its property interests, but rests upon its duty to make these specific items of repairs.    At this point the law steps in and says, "You must make the repairs, or compel the person who did the damage to make them."    In the one case, the recovery is devoted to the purpose of paying for the specified repairs; and in the other, the party is compelled to do the very thing which his wrongful act has rendered necessary.    It follows, therefore, that the complaint fails to show any actual damage sustained that will sustain a right of recovery in the town.    Considerations of public interest and convenience demand that the impairment of the highway should be made good at once, without waiting the possible determination of a lawsuit.    This duty can best be enforced by confining the remedy of the town within the lines mapped out.    The situation presented is not unlike that of principal and surety.    The town is seeking to recover that which the defendant agreed to pay, without having made payment itself.    This is contrary to the rules of law in such cases. *Barth v. Graf*, 101 Wis. 27.    Several cases are cited by plaintiff's counsel as sustaining their conclusion, but none of which is exactly in point.    The case that comes nearest touching the controversy here is *Ft. Covington v. U. S. & C. R. Co.* 8 App. Div. 223.    It was an action to recover damages for the destruction of a bridge by defendant's negligence.    The case simply holds that the town had such an interest in the preservation of its bridges as gives a right of action against any person who wrongfully, by negligence

or otherwise, makes repair or rebuilding necessary. The question raised here was not considered or mentioned in the opinion. The case cited to support their holding (*Bidelman v. State*, 110 N. Y. 232) was a case in which the town sought reimbursement for expenses which it had incurred in repairing its bridges and highways. Such an action, we freely admit, can be maintained in this state. But that does not meet the question here presented. The right of action depends, not upon the liability of the town to make repairs, but upon the fact that it has made expenditures on account of such liability. The remedies already pointed out are deemed quite sufficient for the protection of the town under the circumstances alleged. To permit it to recover a definite sum of money for the use of the town, and then leave it at the discretion of the town authorities to expend it for repairs or general town purposes, is contrary to the policy of the law, and ought not to be permitted.

Another question pressed by defendant is that no notice of the injury to the roads was ever given, and no request to repair was ever made. Where, as may be inferred in this case, the injury to the roads by the action of the water would be gradual, the necessity of notice, with a demand to repair, is one of some significance. The view we have taken renders it unnecessary to determine whether such action on the part of the town is a condition precedent to recovery or not. In the most of the cases where recovery for expenditures has been permitted, both notice and demand have been set out and proven. The question approaches so near debatable ground that it would be the part of wisdom to have it eliminated in future proceedings.

*By the Court.*— The judgment of the circuit court is affirmed.