THE CITY OF WAUWATOSA, Respondent, vs. DREUTZER, Appellant.

*December 1—December 16, 1902.*

*Municipal corporations: Streets: Encroachments: Statutes: Notice: Equity: Mandatory injunction.*

A municipal corporation can maintain an action in equity to obtain a mandatory injunction compelling the removal of an encroachment upon one of its public streets. Its right so to do is not dependent upon a prior making and service of the statutory order to discontinue the encroachment under sec. 1330, Stats. 1898, requiring that the notice shall "specify the width of the road, the extent of the encroachment, and the place or places in which the same may be, with reasonable certainty."

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to compel the removal of an alleged obstruction in one of the public streets of the plaintiff city. The allegations of the complaint are to the following effect: Plaintiff is a duly organized city under the laws of this state. One of its public streets is East Milwaukee avenue. A portion thereof lies between and at right angles and is connected with First avenue at one end and Wauwatosa avenue at the other. The center line of such portion is described as follows: Commencing at the center line of Wauwatosa avenue, at a point in the west line of section 22, town 7 north, range 21 east, 273.96 feet south from the northwest corner of the southwest quarter of said section, running thence south 85 degrees and 15 minutes east 382.51 to the intersection of the center line of First avenue. That part of East Milwaukee avenue in question is sixty-six feet wide. Defendant owns about one acre of land, having a frontage of about 134.96 feet on the north side of said avenue at the place in question. She is a married woman residing with her husband on such property. It is her separate property. She has constructed along the entire front thereof an earth terrace, and a fence which stands about four and one half feet south of the lot line, encroaching upon the street to that extent. That part of the street so appropriated is described as follows: Commencing at a point in the north line of East Milwaukee avenue 240.80 feet south, and south 85 degrees 15 minutes east 217.65 feet from the northwest corner of the southwest quarter of section 22, town 7 north, range 21 east, running thence south 85 degrees 15 minutes east on the north line of said avenue 134.90 feet to a point, thence south four and one half feet to a point, thence north 85 degrees 15 minutes west parallel with such line 134.90 feet to a point, thence north four and one half feet to the place of beginning.

July 2, 1901, before the commencement of this action, the common council of plaintiff duly resolved that defendant be required, and she was accordingly ordered, to remove said

encroachment upon the street, and directed the city marshal to serve a copy of the resolution upon her, and directed the city attorney, in case of her neglect or refusal to comply with such order within thirty days after such service, to commence an action in the name of the city for the removal of the encroachment. A copy of such resolution and order was accordingly served upon defendant. Such copy, as regards the description of the premises encroached upon and the nature of the encroachment, was as follows:

"Along a portion of East Milwaukee avenue, in front of the above-described premises, an iron fence, extending from First avenue to the extended west boundary line of said *Alice H. Dreutzer's* property, which said fence stands entirely upon East Milwaukee avenue and several feet south of the East Milwaukee avenue lot line of said *Alice H. Dreutzer's* property."

More than thirty days elapsed after said service and before the commencement of this action. Defendant failed to remove the encroachment within such period, and refuses to do so. The prayer for relief was as follows:

"Plaintiff demands judgment that said defendant, *Alice H. Dreutzer,* forthwith remove said terrace and fence to such a point that they will no longer obstruct or encroach upon East Milwaukee avenue or any portion thereof; that the defendant, *Alice H. Dreutzer,* and all persons claiming under or through her be forever enjoined and restrained from obstructing or encroaching upon said East Milwaukee avenue; that the plaintiff recover of the defendant its costs and disbursements in its behalf sustained; that the plaintiff have such other and further relief as shall be just and equitable."

Defendant, by her attorneys, demurred to the complaint, first for insufficiency, and second for want of jurisdiction in the court of the subject of the action. The demurrer was overruled and defendant appealed.

For the appellant there was a brief by *Turner, Pease & Turner,* and oral argument by *L. S. Pease.*

*Charles B. Perry,* for the respondent.

MARSHALL, J.   The sole question to be solved on this appeal is this: Can an action in equity be maintained by a municipal corporation to obtain a mandatory injunction compelling the removal of an encroachment upon one of its public streets without first giving the wrong-doer an opportunity to remove it without suit pursuant to an order made and served upon him in accordance with sec. 1330, Stats. 1898? It is conceded by appellant's counsel that an action in equity, by a municipality, will lie to remedy such a matter, and conceded by respondent's counsel that if, as a condition thereof, notice to the alleged guilty party must be given in accordance with the section referred to, the complaint does not state a cause of action in that the order alleged to have been served upon appellant did not sufficiently "specify the width of the road, the extent of the encroachment, and the place or places in which the same may be with reasonable certainty." The position of appellant's counsel is that such a notice was a necessary preliminary to the bringing of the suit; and that of respondent's counsel is that it was not; that such section relates exclusively to proceedings for the enforcement of the penal statutes as regards encroachments on highways.

The question upon which, as above indicated, this appeal turns, is ruled in favor of respondent by *Eau Claire v. Matzke,* 86 Wis. 291, 56 N. W. 874. The principle thereof became a part of the judicial policy of this state at least as early as *Jamestown v. Chicago, B. & N. R. Co.* 69 Wis. 648, 34 N. W. 728; *Oshkosh v. Milwaukee & L. W. R. Co.* 74 Wis. 534, 43 N. W. 489. In recent years it has been several times affirmed in effect, though not in precisely such a case as this. *Madison v. Mayers,* 97 Wis. 399, 413, 73 N. W. 43; *Pewaukee v. Savoy,* 103 Wis. 271, 280, 79 N. W. 436; *Levis v. Black River Imp. Co.* 105 Wis. 391, 395, 81 N. W. 669. True, it does not appear, by express reference in the opinion in *Eau Claire v. Matzke,* that the question of whether compliance with sec. 1330, Stats. 1898, by the municipality is a

condition precedent to the maintenance of such a suit as this, was involved; but the general terms of the opinion sufficiently indicate that the judgment of the court then was that the equitable action is maintainable entirely independent of the statutory proceeding for the discontinuance of encroachments on public highways, and that is confirmed by referring to the printed case and briefs used upon the argument. The appeal turned on the sufficiency of the complaint. That did not show service of a statutory order on the defendant to discontinue the encroachment. The circuit court held the complaint insufficient. On the appeal appellant's attorney stated that no attempt was made to comply with such section,—that the action was brought entirely without reference thereto, and insisted that the right to proceed in equity was not hampered in any way thereby. The general language of the opinion, considered with reference to the question presented to the court for decision, shows clearly that the result reached was intended to cover the precise question here presented. In harmony therewith, the conclusion is now reached that the right to institute this suit was not dependent upon a statutory order having been made and served upon appellant to discontinue the encroachment, and that the complaint states a good cause of action.

*By the Court.*—The order is affirmed.