STATE, Respondent, vs. JEWELL and wife, Appellants.*

*January 16—April 8, 1947.*

* Motion for rehearing denied, without costs, on July 1, 1947.

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and *S. J. Auringer* of Grantsburg, and oral argument by *Warren P. Knowles, III.*

For the respondent there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

ROSENBERRY, C. J.    On February 2, 1931, the state highway commission, pursuant to sec. 83.08, Stats. 1929, entered

an order relocating a portion of State Trunk Highway 87 in Burnett county, including among other parcels the one here in question. The county highway committee, as was its duty, entered into negotiations with one Esther Lindgren for acquisition of the lands required for the relocation. Esther Lindgren conveyed a portion of the land necessary for the relocation to Burnett county by conveyance dated April 29, 1931. This conveyance was not recorded in the office of the register of deeds and apparently was not filed in the office of the county clerk.

On the 9th day of March, 1944, Esther Lindgren conveyed to Henry A. Jewell a parcel of land which included the property in dispute and other property without excepting from the deed the portion she had previously conveyed to Burnett county. The tract in dispute is a part of the northeast quarter of section 35, six rods wide and twelve rods long, township 37 north, upon which was situated an oil station. See exhibit printed herewith.

The defendants went into possession of the parcel in question and made additional improvements.

The Lindgren deed was dated March 9, 1944. The conveyance to the county of Burnett was made in April, 1931. The grant from Mrs. Lindgren was in the following language:

"Does hereby grant and convey to Burnett county, Wisconsin, for highway purposes as long as so used, the lands of said owner necessary for said relocation, shown on the said plat and described as follows, to wit:"

Then follows a detailed description which it is not necessary to repeat.

It is the contention of the defendants that the deed to Burnett county not having been recorded prior to the recording of the deed of Mrs. Lindgren by which the defendants obtained title,

as to them the conveyance is void under sec. 235.49, Stats. 1931. The plaintiff commenced this action asking for a declaratory judgment adjudging the rights of the parties.

The first contention of the defendants and appellants is that the state is without authority or power to bring an action for a declaratory judgment. Sec. 269.56 (2), Stats., relating to declaratory judgments, provides:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, . . . may have determined any question of construction or validity arising under the instrument. . . ."

Sec. 370.01 (12), Stats., provides:

"The word 'person' extends and applies to bodies politic and corporate," which clearly includes the state, which is a body politic.

Sec. 20.49, Stats., provides:

"There is appropriated to the state highway commission . . . (4) The sum required to meet the provisions of section 84.03 (3)."

Sec. 84.03 (3), Stats., provides:

"The appropriation made by section 20.49 (4) shall be allotted by the state highway commission for the construction, reconstruction and improvement of the state trunk highway system. . . ."

Sec. 84.07 (1), Stats., provides:

"The state trunk highway system shall be maintained by the state at state expense."

Under these provisions of the statutes, the state has a sufficient interest in the subject matter of this action to entitle it to bring and maintain this action.

The defendants in their answer also ask for a declaratory judgment adjudging the rights of the parties.

In the deed to the defendants after the granting clause, the description of the property, there appeared the following recital:

"Subject to the right of way of Highway 87 on the east side of the parcel above described."

At the time the deed was executed State Trunk Highway 87 had been improved and in use for many years.

Sec. 235.49, Stats., by virtue of which the defendants claim that their right to the premises is superior to that of the plaintiff, provides:

"Every conveyance of real estate within this state hereafter made (except patents issued by the United States or this state,

or by the proper officers of either) which shall not be recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded."

It is conceded that the defendants paid a valuable consideration for the conveyance and that they are subsequent purchasers. The question is, Are they purchasers in good faith? If they had notice or information which if pursued would have led to knowledge of the actual facts, then they are not purchasers in good faith. *Helms v. Chadbourne* (1878), 45 Wis. 60.

It is a well-established rule that a person is charged with notice of the contents of the instrument by which he takes title and all the facts which would be disclosed with a reasonable diligent search. 39 Am. Jur., Notice, p. 246, sec. 22, and cases cited; *Pringle v. Dunn* (1875), 37 Wis. 449.

A part of the tract conveyed by Mrs. Lindgren was occupied as a highway. Where one occupies a part of the premises conveyed his occupancy extends to the boundaries of the land described in the instrument under which he claims. *Land & Loan Co. v. Kesler* (1912), 150 Wis. 283, 136 N. W. 625; *Childs v. Nelson* (1887), 69 Wis. 125, 33 N. W. 587; *Ovig v. Morrison* (1910), 142 Wis. 243, 125 N. W. 449.

Having knowledge that the premises granted were subject to the rights of the state as established by the boundaries of State Trunk Highway 87, the defendants were charged with notice of the rights of the public. The possession of real estate is generally considered constructive notice of rights of the possessor, whether the possession is sought to be used for the purpose of charging a purchaser with notice of an outstanding equity, or whether it is sought to charge a subsequent purchaser with notice of an unrecorded instrument and thereby

defeat his right to protection under the recording acts. It is so held in the United States courts and in twenty-eight states of the Union. 55 Am. Jur., Vendor and Purchaser, p. 1087, sec. 712, and cases cited.

Here the occupation of the lands described in the deed to the defendants was open and notorious. The notice was not confined to that part of the premises used as a highway but extended to the lands described in the deed.

It is the general rule that actual possession of real estate is constructive notice of the rights of the possessor (cases already cited) and of all facts connected therewith which a reasonable inquiry would disclose. *Kirby v. Tallmadge* (1896), 160 U. S. 379, 16 Sup. Ct. 349, 40 L. Ed. 463; 55 Am. Jur., Vendor and Purchaser, p. 1098, sec. 729, and cases cited.

The defendants were also put upon notice by the recitals contained in the conveyance to them.

In *Reichert v. Neiser* (1896), 93 Wis. 513, 517, 67 N. W. 939, speaking of the grantee, the court said:

"He did not read his deed, and was not aware of the clause referred to; and, against the objection that the exceptions were vague and uncertain, it was held that he would be presumed to know the contents of his deed, and that the exceptions were sufficient to put him upon inquiry and charge him with a knowledge of such facts as might have been ascertained by proper inquiry."

The defendant, Henry Jewell, testified:

"I got the deed for this property when I paid for it. I read the deed. I didn't see the words that what I was buying was subject to Highway 87. I examined the abstract carefully but I didn't see that in my deed."

The clause in question was in typewriting and was in the following form:

"Subject to the right of way of Highway 87 on the east side of the parcel above described." .

There is three-quarters of an inch of clear space above and more than three inches of clear space below the clause.

It is difficult to understand how Mr. Jewell could have read the deed and not have seen the clause.   Whether he saw it or not, he is presumed to have knowledge of it and the consequences are the same in either case.

So far as the record shows the defendants made no effort to ascertain the boundaries of the land conveyed to them until after this action.   As the trial court said:

"Apparently when the defendants did attempt to ascertain the boundaries of the highway, they had no trouble in ascertaining what it was, as is evidenced by the exhibits on file herein, to wit: The correspondence between the defendants and the highway commission.   It seems to us that the defendants could have ascertained the boundaries by inquiry from their predecessor in title, by inquiry from the state highway commission, or by examination of the order and plat filed with the county highway committee and the county clerk."

The established rules of law may operate harshly in this case but they are well established.   The facts bring the controversy within the rules and it is the duty of the court to apply the law as it is.

In its judgment the court declares the extent to which the several structures invaded the properties described in the conveyance to the defendants and then declares:

3. "That the portion of said structures extending over and being within said Highway 87 are unlawfully maintained by the defendants and shall be removed by said defendants within thirty days after service of this judgment upon them."

The court then reserves the power to conduct such further proceedings—

173a

"as may be necessary to give full effect to the declaration of rights and duties herein contained and the enforcement thereof," etc.

This is an action for declaratory relief. The procedure for causing encroachments on highways to be removed therefrom is provided by sec. 86.04, Stats. The first step is an order of removal. If the owner denies the encroachment then by sub. (3), the proper authority shall apply to a justice of the peace of the county or county judge of the county for a summons which he shall issue and direct to any constable or police officer of the county, commanding him to summon a jury of six disinterested freeholders thereof, to meet at a time and place to be fixed, to try the issue.

It is considered that the trail court was without jurisdiction to order removal of the encroachments and so deprive the property owner of his right to a trial by jury as prescribed in sec. 86.04, Stats.

While no question was raised with reference to the right of the court to require the removal of the encroachments, it is considered that it being a matter of jurisdiction, this court should determine the matter upon its own motion.

Under a statute substantially the same as sec. 86.04, Stats., this court held that—

"Unless an order was lawfully made by the supervisors requiring the defendant to remove the encroachment, and a copy of it regularly served upon him, he has incurred no penalty, and the action cannot be maintained." *State v. Egerer* (1882), 55 Wis. 527, 529, 13 N. W. 461.

This case also falls within the general principle of law that where a statute creates a liability and provides a method for its enforcement, it must be enforced in the way prescribed by the statute. *Finney v. Guy* (1900), 106 Wis. 256, 82 N. W. 595; *Petition of Long* (1922), 176 Wis. 361, 187 N. W. 167.

*By the Court.*—The judgment is modified by striking therefrom paragraph 3 and the paragraph containing the reservation of the right of the court to proceed further and, as so modified, is affirmed.

RECTOR, J., took no part.

The following opinion was filed July 1, 1947:

ROSENBERRY, C. J. (*on motion for rehearing*). The defendants move for a rehearing on the ground that a part of the issues have been determined by the declaratory judgment and part have not; that therefore the judgment should be reversed with directions to proceed under sec. 86.04, Stats.

The plaintiff on rehearing contends that the proceeding under sec. 86.04, Stats., is not an exclusive remedy for the removal of encroachments but only for the enforcement of forfeiture. Citing *Wauwatosa v. Dreutzer* (1902), 116 Wis. 117, 92 N. W. 551.

Upon motion of the defendants that the judgment be reversed and that the whole matter be referred to the proper authorities under sec. 86.04, Stats., we have only this to say: There is no disputing the fact that the court had jurisdiction of the parties and the subject matter so far as to controversy related to title and therefore no reason exists for a retrial of that issue. The defendants' motion will be denied without costs.

The motion of the plaintiff on rehearing raises a serious question. The plaintiff contends that the remedy provided under sec. 86.04, Stats., is not an exclusive remedy. After a complete review of the question and especially in the light of the history of the section, we have concluded that the court was in error in holding that the trial court was without jurisdiction to give injunctive relief.

Statutory provisions with respect to the removal of encroachments from highways begin with sec. 86, ch. 16, R. S. 1849. Secs. 86 to 94, inclusive, as amended and supplemented by secs. 101 to 108, inclusive, ch. 152, Laws of 1869, provide for the removal of encroachments in substantially the same manner as is prescribed by the statutes down to the enactment of ch. 519, Laws of 1939.

The first case to come before the court was *State of Wisconsin v. Langer* (1871), 29 Wis. 68. That was a proceeding begun in the police court of the city of Fond du Lac and removed to the circuit court on plea of title to land. However, in that case, it was held that the highway in question had not been regularly established.

In *Jamestown v. Chicago, B. & N. R. Co.* (1887) 69 Wis. 648, 652, 34 N. W. 728, it was held that a municipality might maintain an action in equity to compel the removal of encroachments caused by the construction of roadbed of a railroad company. The court said:

"This question is a new one in this court, so far as we are advised; but we are inclined to sustain the action upon this ground: Towns in this state are responsible for the construction and repair of all highways within their limits. They are liable for damages to travelers occasioned by obstructions and defects, and they should have legal remedies commensurate in some degree to their liability. The statute gives to the supervisors of towns the care of highways in their respective towns, and makes it their duty to see that they are kept in repair, and to cause to be removed all obstructions therefrom."

This case was followed by *Oshkosh v. Milwaukee & Lake Winnebago R. Co.* (1889) 74 Wis. 534, 43 N. W. 489, and *Eau Claire v. Matzke* (1893), 86 Wis. 291, 56 N. W. 874.

The doctrine laid down in these cases was affirmed in *Wauwatosa v. Dreutzer* (1902), 116 Wis. 117, 92 N. W. 551.

In addition to these cases it is generally true that where a remedy exists at common law and another is provided by statute, the latter is regarded as cumulative merely.

In *Field v. Milwaukee* (1915), 161 Wis. 393, 395, 154 N. W. 698, the court said:

"Where a statutory remedy is provided for the enforcement of a common-law right without expressly, or by necessary inference, interfering with freedom to resort to the old remedy, the new one is cumulative unless the court, on grounds of public policy, sees fit to make its activity in that field more or less contingent upon the new remedy being exhausted."

Upon a review of the authorities and a reconsideration of the whole matter, it is considered that the remedy now provided by statute (sec. 86.04, Stats. 1945) is adequate, while the remedy provided by statute at the time the cases referred to were decided was inadequate.    In spite of this change, we conclude that we should not now depart from the holding of prior cases, some of which are referred to above, to the effect that a municipality may maintain an action in equity to compel the removal of an encroachment where the title to land is in question.    In this case there was no dispute as to the location of the buildings which were alleged to encroach on the highway. The only litigated question was as to the title to the land upon which it was alleged the buildings encroached.

*By the Court.*—The former mandate in this case is vacated and set aside.    It is ordered, that the judgment appealed from be and the same hereby is affirmed.    No costs to be taxed.