STANHILBER, Administrator, Appellant, vs. GRAVES and another, Respondents.

*October 26 — November 16, 1897.*

*Appeal, review of findings on conflicting evidence: Trial, reception of evidence: Lien by attachment or judgment: Fraudulent conveyance.*

1. The supreme court will not review the finding of the trial court on controverted issues of fact, but will affirm the judgment if such finding is fairly supported by competent evidence and is not clearly contrary to its preponderance.
2. Where evidence which is competent on examination in chief, and is not properly rebutting testimony, is offered by the plaintiff after the defendant has closed his evidence, it is admissible only in the discretion of the court, and its exclusion is not error.
3. Under sec. 2902, R. S., the lien of a judgment upon real estate attaches only to the interest which the defendant has therein at the time it is docketed, and if, prior to such docketing, the land has been conveyed to a *bona fide* purchaser, it is not subject to the judgment, though the deed had not been recorded.
4. A copy of an attachment, with the sheriff's indorsement thereon of a levy on land, found on file in the office of the register of deeds, is not proof that an attachment had been issued with the necessary affidavit and undertaking attached, so as to authorize it to be executed.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action to set aside a conveyance of land as fraudulent against creditors. The plaintiff's decedent recovered a judgment against the defendant *Graves* for $1,125.16, which was docketed May 2, 1892. On the 14th day of the same month, a deed from the defendant *Graves* to the defendant *James* of all the land which the defendant *Graves* owned in the county, being about ten acres, and including his homestead, and being within the city of Oshkosh, was put upon record. The deed was dated April 25, 1892. This action is brought to set aside that deed as fraudulent, and, for that reason, void as against the plaintiff's judgment. The

plaintiff also claimed that by an attachment in her action against *Graves*, levied upon this land before the date of the deed, she had obtained a lien upon the land which was prior and paramount to the deed. The only evidence to support this claim was what purported to be a copy of an attachment, with the sheriff's indorsement of a levy, which was found on file in the office of the register of deeds. No original attachment was produced in evidence or shown to have been issued. The issue on which the case was tried was the genuineness and good faith of the deed. The court found that the deed was genuine, and that it was executed, in good faith, on the day of its date, on sufficient consideration, and without knowledge, on the part of *James*, of the pending of plaintiff's action against *Graves* or of his insolvency. The court found that the premises were worth $5,500; that *Graves* owed *James* $4,140; that *James* canceled this debt, gave *Graves* $360 in money, and assumed and paid a prior mortgage upon the premises of $1,000. On these findings, a judgment for the defendants was entered, from which the plaintiff appeals.

For the appellant there was a brief by *Eaton & Weed*, and oral argument by *M. H. Eaton*. They argued, *inter alia*, that sec. 2737, R. S., makes the attachment a lien upon real estate from the time of filing in the register's office a copy of the attachment and the certificate of the sheriff, and the lien so secured becomes merged in the lien of the judgment when that is obtained, but the priority of such lien is still maintained. *Robertson v. Kinkhead*, 26 Wis. 560; Drake, Attachment, secs. 224, 224*a*. Such filing of those papers makes them a public record, and they are notice to everybody, not only of the commencement of the plaintiff's suit, but of the amount of his claim. The defendant *James*, when he received the deed from *Graves*, was chargeable with knowledge of those facts, and also that *Graves* was insolvent and was owing the plaintiff in this action, and he took the deed with

intent to defraud or to hinder and delay the plaintiff and other creditors. It ought therefore to be set aside. *Ferguson v. Hillman,* 55 Wis. 181; *Stein v. Hermann,* 23 id. 132; *Gardinier v. Otis,* 13 id. 460; *Avery v. Johann,* 27 id. 246; Bump, Fraudulent Conveyances (2d ed.), 198, note 2.

For the respondents there was a brief by *Felker, Stewart & Felker,* and oral argument by *C. W. Felker.*

NEWMAN, J. The appellant claims that the trial court erred (1) in its findings of fact; (2) in its conclusions of law; (3) in rejecting evidence offered by the appellant; (4) in not finding that the appellant's judgment was a lien upon the land prior to the deed; and (5) in giving judgment for the respondents.

1. The appellant urges that the evidence tended to prove a state of facts the precise contrary of the facts found by the trial court. And therein seems to lie the infirmity of the appellant's case. The evidence only *tends* to prove a state of facts in conformity with her theory of the case. It does not absolutely prove it. So the case falls within the rule, so firmly established in our jurisprudence, that this court will not review the findings of the trial court on a controverted issue of fact, with a view to determine, by a nice discrimination, on which side of the issue the evidence preponderates; but it will affirm the judgment where the finding is fairly supported by competent evidence, and is not plainly contrary to its preponderance. *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214; *Momsen v. Plankinton,* 96 Wis. 166; *Racine Water Co. v. Racine, ante,* p. 93. So, unless some error has intervened, the judgment must be affirmed.

2. The court's conclusion of law follows inevitably from the facts found.

3. When the appellant had the case for rebuttal, she called as a witness one Kennedy, a lawyer. He was shown a mortgage upon the same land which had been executed by *Graves*

Stanhilber vs. Graves and another.

to *James*, in October, 1891, to secure the $4,000 debt which it was alleged that the deed had been given to pay. The witness had stated that the mortgage had been executed in his presence. He was then asked: "There is no reference, is there, to a note in there?" This was objected to, as not being properly rebutting testimony, and because it was a privileged communication; and the objection was sustained. The appellant claims that by this ruling she was "precluded from showing that the mortgage and deed were not executed when they purported to be." Certainly, the question asked was inapt to suggest to the mind of the court that evidence on that question was contemplated. The question asked and objected to was really immaterial, and could naturally be expected to lead to nothing material to the issue. If the plaintiff wished to introduce, at that time, testimony proper only in chief, she should have so informed the court, and asked for the privilege; for she could not then demand it as of right. She did not so inform the court, nor ask the privilege. The ruling was completely right on the ground of the immateriality of the question. Or, if the evidence now claimed was contemplated, it was equally right on the other ground, that it was not properly rebutting testimony. If it had been proposed by the plaintiff to prove in chief, by Kennedy, that the deed had been antedated, it seems that that might have been competent. The privilege of the client does not always cover acts done in the presence of his attorney. *Coveney v. Tannahill*, 1 Hill, 33; *Crosby v. Berger*, 11 Paige, 377; *Patten v. Moor*, 29 N. H. 163; *Hunter v. Watson*, 12 Cal. 363. But the offer of this line of testimony, if made at the time when the question was asked, would have been too late, as matter of strict right, and admissible only in the discretion of the court. Its exclusion in that circumstance is no error.

4. Such a conclusion would have been directly in the teeth of the facts found.

5. No other judgment was possible on the facts found. The plaintiff's judgment could become a lien upon such interest only as *Graves* actually had in the premises at the time when it was docketed. R. S. sec. 2902; *Goodell v. Blumer*, 41 Wis. 436; *Main v. Bosworth*, 77 Wis. 660; *Davenport v. Stephens*, 95 Wis. 456; Freeman, Judgments, § 356. At that time he had no interest. The plaintiff is not a *bona fide* purchaser for value, and so is not aided by the registry laws. R. S. sec. 2241; Freeman, Judgments, § 366. But the plaintiff contends that she had acquired, and had, a subsisting lien upon the premises, by the levy of an attachment previous to the execution of the deed. But this contention is not sustained by proof. No original attachment was offered in evidence or shown to have existed. The only evidence offered was what purported to be a copy of an attachment which was found on the files of the register of deeds. It, of course, proved nothing except that that paper had been filed in that office. It did not prove that an attachment had been issued in the plaintiff's action against *Graves*, with the necessary affidavit and undertaking attached, so as to authorize it to be executed. R. S. sec. 2731. The proof does not, in the least, sustain this contention. The judgment is clearly correct on the facts found.

No reversible error is found.

*By the Court.*— The judgment of the circuit court is affirmed.