Wenzel, Plaintiff, vs. Roberts, Defendant: Hanzel, Respondent: Borcher and wife, Appellants.

*November 8—December 3, 1940.*

316

The cause was submitted for the appellants on the brief of *Julius E. Guenthner* of Antigo, and for the respondent on that of *Gustav Winter* of Antigo.

WICKHEM, J. On January 2, 1924, William Klug, owner of the land in question, gave a mortgage thereon to Charles Wenzel. On April 12, 1928, Klug sold the premises to defendant Roberts, subject to the mortgage, upon which there was due $2,000. On April 16, 1928, Roberts entered into a land contract with Fred and Elsie Borcher for the sale of the mortgaged premises and another parcel of land. The Borchers agreed to pay $12,100 for the land described in the land contract, and paid $1,000 down upon the execution of the contract. The contract obligated the Borchers to pay the balance of $11,100 on or before five years. The total payments made under the contract up to October 1, 1930, were in the vicinity of $4,000. After October 1, 1930, they claimed to have paid $100 in March, 1935. On February 25, 1932, Borcher paid a portion of the 1931 taxes on the forty acres mortgaged to Wenzel, and thereafter paid no taxes. The contract had the usual provisions that it was to be void at the option of the vendor without notice and all

payments forfeited if the vendees failed to make the pay-
ments prescribed in the land contract. It will be noted that
this was not an instalment contract and that the vendees
might, but need not, make payments on the principal during
the five-year period. The land contract was not recorded.
The Borchers went into possession under this land contract.
On November 30, 1934, M. D. Robinson took judgment
against T. J. Roberts in the amount of $2,947.21. This was
duly docketed. On January 5, 1934, foreclosure proceed-
ings were commenced. In May, 1935, the Borchers vacated
the premises. Thereafter, the foreclosure proceedings went
to judgment, the premises were sold, and the sale con-
firmed. Robinson assigned his judgment against Roberts to
Charles J. Hanzel, and the court by the order appealed from
awarded the surplus moneys to Hanzel.

It is the claim of the Borchers that as vendees of a land
contract who have made payments upon the purchase price
they had an equitable lien superior to that of a judgment
creditor of the mortgagor, and this in spite of the fact that
the land contract was not recorded and the judgment was
duly docketed. The rule which is the foundation of this
contention was established in *Wickman v. Robinson,* 14
Wis. *493, and reaffirmed in *Hamill v. Kuchler,* 203 Wis.
414, 232 N. W. 877, 234 N. W. 879, and *Security State
Bank v. Monona Golf Club,* 213 Wis. 581, 252 N. W. 287.
It is also established that the lien of the judgment creditor
attaches only to the interest of the judgment debtor in the
property, and that it is inferior to the equitable lien of the
land-contract vendee. *Stanhilber v. Graves,* 97 Wis. 515,
73 N. W. 48. There is no serious question as to the exist-
ence of the above rules or any attack upon their soundness.
The question is whether the Borchers lost their rights under
the land contract either, (1) because they were in default in
making payments, or (2) because they abandoned the con-
tract.

We are of the view that they have no lien for both reasons. From and after 1930 the Borchers were in default and their interest under the land contract subject to be terminated by the vendor. While matters were in this state they voluntarily abandoned the premises. At this time they concede that they were unable to complete the payments.

In *Weidner v. Hyland,* 216 Wis. 12, 19, 255 N. W. 134, 256 N. W. 244, it is said:

"The lien attaches when a payment on the purchase price is made, and remains whenever the right to recover the payment exists, whether the right exists by virtue of the express terms of the contract, as here, or solely by reason of the vendor's default."

It is clear that under the facts of this case the Borchers had no right to recover their payments on the purchase price, and hence there is no duty or obligation for a lien to secure.

It is suggested that the vendor Roberts was in default because there was a mortgage on the premises which he permitted to be foreclosed. If there is anything to this position, it must be because the vendor had disabled himself from performance. There are several answers to this. (1) He had not so disabled himself when the vendees abandoned possession as he still could pay up the mortgage or redeem the land. (2) He had no obligation to furnish a clear title until completion of the payments by vendees. (3) The vendees were in default at the time of the foreclosure, and their rights were subject to termination by the vendor. Hence, the vendor's failure to redeem, if it has any significance, is evidence of his election to terminate the contract. Further than this, it would appear that voluntary abandonment of the premises by the vendees, while they were in default and unable to pay balances due under the contract, terminated their rights under it.

*By the Court.*—Order affirmed.