UBBINK and another, Respondents, vs. HERBERT A. NIEMAN & COMPANY, Appellant.

*December 1—December 30, 1953.*

For the appellant there was a brief by *Schanen, Schanen & Pauly* of Port Washington, and oral argument by *Erwin N. Pauly.*

For the respondents there was a brief by *Charles L. Larson,* attorney, and *Stuart G. Grady* of counsel, both of Port Washington, and oral argument by *Mr. Larson.*

FAIRCHILD, J.    By reason of the several transfers of title to the real estate, the plaintiffs came under successive landlords. However, plaintiffs' relation and responsibilities to each successive landlord were practically the same. They were the tenants of the defendant until Nieman sold out to the Kiekhaefer Corporation. They became tenants of the Kiekhaefer Corporation when that corporation purchased the premises during the lease term, on December 29, 1950, and

took the real estate subject to such rights as then existed in the plaintiffs. Plaintiffs were tenants in possession. That possession was "actual, open, notorious, and visible possession" by the plaintiffs and constituted constructive notice to the purchaser, the Kiekhaefer Corporation. The defendant conveyed to the Kiekhaefer Corporation only such rights as the Nieman Company possessed at the time it sold the premises. At that time the defendant ceased to bear any relation to the plaintiffs, because there was then brought into existence a superseding landlord-tenant relationship in which the Kiekhaefer Corporation and the plaintiffs were the actual parties.

The Kiekhaefer Corporation was put on inquiry by the existing physical evidence of the plaintiffs' occupancy, and it became the duty of the Kiekhaefer Corporation to determine the rights of such tenants, if any, then existing in their favor, and it is bound by what it would have discovered by such inquiry.

In an early case, *Fery v. Pfeiffer,* 18 Wis. *510, *517, in a comprehensive statement by Mr. Chief Justice DIXON, the general rule is declared to be: ". . . the plaintiff was in possession at the time of the execution of those conveyances, and the grantees were bound to take notice of his rights." Many rulings on questions of that character have since occurred, universally holding that the actual, open, notorious, and visible possession by a tenant is notice to the purchaser of all the tenant's rights and interests in the property, and that one succeeding to ownership is charged with constructive notice of the legal and equitable rights of the tenant in the premises under a lease. *Pippin v. Richards,* 146 Wis. 69, 130 N. W. 872; *State v. Jewell,* 250 Wis. 165, 26 N. W. (2d) 825, 28 N. W. (2d) 314; *Miller v. Green,* 264 Wis. 159, 58 N. W. (2d) 704. See also 5 Tiffany, Real Property (3d ed.), p. 73, sec. 1291; 8 Thompson, Real Property (perm. ed.), p. 413, sec. 4516; 55 Am. Jur., Vendor and

Purchaser, p. 1087, sec. 712, p. 1090, sec. 716; 66 C. J. S., Notice, p. 646, sec. 11 (c). The obligations arising from the terms of the lease passed with the sale to the Kiekhaefer Corporation.

The question of whether plaintiffs have been unlawfully interfered with in respect to their rights or whether they have abandoned their rights is a matter for adjustment between the plaintiffs and their last-succeeding landlord, the Kiekhaefer Corporation. These matters in difference could not be determined within the limits of an action by plaintiffs against Herbert A. Nieman & Company, the defendant as here, and cannot be the basis of the cause of action alleged in the complaint. It follows, therefore, that the real issue has not been tried, and that the judgment must be reversed, there being no cause of action shown to exist against the defendant.

*By the Court.*—Judgment reversed and cause remanded with direction to dismiss the complaint.