Bump, Appellant, v. Dahl and others, Respondents.*

*February 3—March 2, 1965.*

* Motion for rehearing denied, without costs, on May 18, 1965.

608

For the appellant there were briefs by *Geisler & Kay* and *Robert J. Kay,* all of Madison, and oral argument by *Robert J. Kay.*

For the respondents there was a brief by *Stephens, Bieberstein, Cooper, Bruemmer & Gartzke* and *Paul C. Gartzke,* all of Madison, and oral argument by *Paul C. Gartzke.*

HALLOWS, J. The issue presented on this appeal is whether the possession of Bump was constructive notice to the Dahls of his equitable interest in the triangular piece of land. In the trial court's view, Bump's possession was not of such a nature as to require the Dahls to make an inquiry

because the subdivision was new and consisted of irregular and contoured large lots; the shape of the lots would require a survey or the seller to point out the lot lines, the lot was purchased not from the owner but through a real-estate agency, the plaintiff did not advise the Dahls of his rights, and lastly, the possession of the triangular piece of land gave no reason for the Dahls to believe that any part of the lot they were purchasing was a part of the landscaped land visibly identified as Bump's property.

There is no dispute Bump was in possession of the disputed triangle which had been landscaped, used, and incorporated into lot 38 as a part thereof and visibly was no part of the property the Dahls were purchasing. It is well established, possession of land is constructive notice and is sufficient to put the purchaser on his guard of whatever rights the possessor may have in the land if such possession is visible, open, clear, full, notorious, unequivocal, unambiguous, inconsistent with, or adverse to the title or interest of the vendor. *Ubbink v. Herbert A. Nieman & Co.* (1953), 265 Wis. 442, 62 N. W. (2d) 8; *Brinkman v. Jones* (1878), 44 Wis. 498; 55 Am. Jur., Vendor and Purchaser, p. 1090, sec. 716, and p. 1087, sec. 712. Such possession is considered constructive notice of the rights of the possessor, whether the possession is used for the purpose of charging a purchaser with notice of an outstanding equity or of an unrecorded conveyance and thereby defeating any claim under sec. 235.49, Stats. *State v. Jewell* (1947), 250 Wis. 165, 26 N. W. (2d) 825, 28 N. W. (2d) 314; *Miller v. Green* (1953), 264 Wis. 159, 58 N. W. (2d) 704; 8 Thompson, Real Property (1963 Replacement), p. 485, sec. 4331.

It is claimed sec. 235.49, Stats., has no application because the alleged rights of Bump are based on an oral contract and not on a written conveyance as defined in sec. 235.50. For the scope and applicability of sec. 235.49 as a Notice-Race type recording statute, see Commentary in 27 W. S. A.,

p. 285, ch. 235. Whether this case is decided under sec. 235.49 as the trial court did or outside of it as the parties now urge us to do, the result will be the same. At common law the rule "first in time, first in right" prevailed, qualified by the doctrine of *bona fide* purchaser. Likewise, sec. 235.49 grants no priority to him who first records if at the time of conveyance he is not a purchaser in good faith. Purchasers in good faith are purchasers without notice of existing rights in the land.

No claim is made Dahls had actual notice. But the claim is made they took title to lot 39 subject to the rights of Bump in the triangle because they were purchasers with constructive notice. Constructive notice arises when a purchaser without knowledge is subjected on grounds of public policy to the liabilities he would be subject to had he in fact had knowledge, because he was in such a position that if he had exercised a reasonable degree of care in availing himself of the avenues of information open to him he could have acquired the knowledge. See *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 85 N. W. (2d) 772.

Dahls argue that because this is a suit in equity for specific performance it must be decided on general equitable principles and under such principles Bump should be estopped from claiming title because he did not inform Dahls of his claim and his possession was not constructive notice because it was deceptive. Estoppel has not been pleaded by the Dahls and cannot be now raised as a defense. *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. (2d) 566, 119 N. W. (2d) 342. Nor do we find any basis for an estoppel. Dahl did not purchase relying on any action of Bump. *Clark v. Moru* (1963), 19 Wis. (2d) 503, 120 N. W. (2d) 888. The doctrine of constructive notice by possession also rests on equitable considerations and principles and requires a reasonable inquiry to be made of him in possession, not his voluntary disclosure of his rights prior to inquiry.

Bump's possession was so open and notorious and unambiguous as to be notice to all the world of the land he claimed. Although the subdivision was new and the lots irregular and contoured, such facts do not lessen the duty to discover actual possession. Nor does the fact the lots were purchased through a real-estate agency or that Dahl did not concern himself with the precise boundaries of the lot he was purchasing make the doctrine inapplicable. Apparently the Dahls made no inquiry as to the exact lot line because they were satisfied with this visual observation of what appeared to be the boundaries. The possession of the plaintiff of the triangular piece of land as an encroachment did not impress itself on the mind of Dahl because Dahl did not know or ascertain where the surveyed lot line of lot 39 as platted was. Dahl paced off the depth of the lot; he noticed the lot line on the plat map did not correspond with what appeared to be the physical lot line, but he made no inquiry of the location of the boundaries of the lot on the surface of the earth.

Whether or not there are customarily encroachments in new subdivisions does not change the application of the doctrine of constructive notice. We do not have one rule for new subdivisions and another for the old. Disregarding encroachments, large or small, or possession because of the belief they are innocent or not the indicia of claims is done at one's peril. The inconvenience and cost of having the land surveyed to insure that the boundaries as described in the instrument of conveyance are the boundaries which exist in fact may be an indispensable necessity.

A purchaser of land has three sources of information which he should consult to learn of rights to the land he is about to purchase: (1) The records in the office of the register of deeds where the basic rights involved are recorded; (2) other public records to discover rights which usually are not recorded in the office of the register of deeds,

*i.e.,* judgments and liens; and (3) the land itself, to discover by observation the rights which arise outside of the recording system by virtue of possession or use. On the problem generally, see Van Alstyne, Land Transfer and Recording in Wisconsin, 1955 Wisconsin Law Review, p. 223. Under the recording acts a conclusive presumption arises that a purchaser knows every conveyance of property recorded which affects the title to the property, whether or not the purchaser examines the public records. *Kidder v. Pueschner* (1933), 211 Wis. 19, 247 N. W. 315; *Fallass v. Pierce* (1872), 30 Wis. 443. Likewise, the purchaser is chargeable with knowledge of the location of the boundaries of the land he is purchasing as against third persons. Actual notice or knowledge of possession is not necessary for constructive notice of the possessive rights; otherwise, failure to view the premises would defeat notice by possession because one was a nonresident or for any other reason. 5 Tiffany, Real Property (3d ed), p. 58, sec. 1287; 55 Am. Jur., Vendor and Purchaser, p. 1088, sec. 713.

Under the doctrine, the purchaser is charged with notice of all of the rights of the possessor and of all the facts connected therewith which a reasonable inquiry of the one in possession would disclose. The apt language of *Frame v. Frame* (1889), 32 W. Va. 463, 478, 9 S. E. 901, 5 L. R. A. 323, to the effect the earth is a "universal manuscript, open to the eyes of all" and therefore when "a man proposes to buy or deal with realty, his first duty is to read [the] public manuscript," has been quoted with approval in *Pippin v. Richards* (1911), 146 Wis. 69, 130 N. W. 872, and in *Miller v. Green, supra.*

Dahls' argument is basically that they need only rely on the first two sources of information and should be excused from the onerous performance of the third. They argue strenuously that the odd shape of the lot would require a survey or require them to have the seller point out the exact lot lines because the boundaries are not easily determined by

observation. In the instant case no survey was necessary as each lot was surveyed when platted and iron stakes set. Dahl needed only to ask the seller or the seller's agent to point out the stakes or to attempt to find them himself. A real-estate agent should know and be able to point out exactly the property he is selling. Dahl testified he could have found the stakes but did not look for them. Thus if Dahl had made a reasonable investigation of the lot which he was purchasing, he would have discovered that the east corner stake of the lot was 35 feet southeast of what appeared to be the corner of his lot. Because he made no such investigation and made no inquiries he did not discover or know the triangle in the possession of the plaintiff was within lot 39 as platted and staked.

The real complaint is not that Bump's possession was not sufficient to give notice, but it was so adequate as to be deceiving to Dahl. But this alleged deception arises out of Dahl's failure to know the boundaries of the lot he was buying. In *Miller v. Green, supra,* we said possession sufficient to constitute constructive notice is similar to that required for adverse possession. The grading, sodding, planting, landscaping of the triangle and using it for its natural purpose indicated an appropriation for Bump's benefit and is such possession as requires the application of the doctrine of constructive notice. *Burkhardt v. Smith* (1962), 17 Wis. (2d) 132, 115 N. W. (2d) 540. The Dahls therefore bought lot 39 with notice of the rights of Bump in the triangle and must convey the triangle (the legal description of which is set out in the findings of fact No. 9 of the trial court) to Bump in the same manner and extent as Haley would have been liable to do had he not conveyed to Dahls. *Saros v. Carlson* (1943), 244 Wis. 84, 11 N. W. (2d) 676.

The judgment dismissing the complaint against the Dahls must be reversed, and since Bump is entitled to a conveyance

of the triangular piece of land from the Dahls, that part of the judgment against Haley for $944 in lieu of specific performance must be set aside. It is immaterial on this issue that part of the judgment was not appealed. The rights of Dahl against Haley for breach of warranty and for failing to disclose his agreement with Bump are not before us on this appeal.

*By the Court.*—That part of the judgment dismissing the complaint against defendants Leslie H. Dahl, Edna Dahl and Carl Dahl is reversed, with instructions to enter a judgment requiring the Dahls to convey to the plaintiff Marvin V. Bump that part of lot 39 constituting the triangular piece of land described in finding of fact No. 9 of the trial court, and setting aside that part of the judgment allowing recovery of damages by the plaintiff against the defendant Merrill Haley.

The following memorandum was filed May 18, 1965.

PER CURIAM (*on motion for rehearing*). On our original hearing of this case, we reversed the trial court's nonsuit of the plaintiff's case and ordered judgment for the plaintiff. The defendants now move for rehearing on two grounds, one, that the agreement between Bump and Haley was in any event ineffective since plat restrictions allowed further division of the platted lots only after approval by the architectural control committee. This point was not effectively raised by the pleadings, nor was it argued in the principal appeal, and in accordance with our well-defined rules applicable on rehearing, we do not consider this point to properly be at issue now.

The second point that the defendants argue is that since nonsuit was granted after the close of the plaintiff's case, the entry of judgment now would effectively deprive the defendants of their right to be heard. Ordinarily we would remand for further evidence. However, the record shows that

the defendants have had an opportunity to testify in regard to the only matter we consider relevant on this appeal. Their testimony clearly shows and the facts admitted by them make it apparent that they did have constructive notice of Bump's possession of the disputed property. No additional testimony that the defendants propose to offer could affect the court's determination on this crucial point. Accordingly, the opinion stands without modification, and the motion for rehearing is denied without costs.