**In the Matter of Michael Thomas FITZPATRICK and Edyth Ellen Fitzpatrick, Debtors.**

**Patricia H. ELLSWORTH and Jeffrey K. Ellsworth, Plaintiffs,**

v.

**Michael Thomas FITZPATRICK, Edyth Ellen Fitzpatrick, Anchor Savings & Loan Association, M & I Bank of Hilldale and William J. Rameker, Trustee, Defendants.**

Adv. No. 82–0182.

United States Bankruptcy Court, W.D. Wisconsin.

May 9, 1983.

Thomas R. Glowacki, Harris, Hill & Glowacki, Madison, Wis., for plaintiffs.

Linda D. Taplick, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for trustee.

Michael J. Rynes, Community Law Services, Madison, Wis., for defendants Michael Thomas and Edith Ellen Fitzpatrick.

Jeffrey L. Landsman, Wheeler, Van Sickle, Anderson, Norman & Harvey, S.C., Madison, Wis., for defendant Anchor Sav. and Loan Ass'n.

Paul S. Taylor, Bakken, Feifarek & Taylor, Madison, Wis., for defendant M & I Bank of Hilldale.

ROBERT D. MARTIN, Bankruptcy Judge.

Plaintiffs Patricia and Jeffrey Ellsworth commenced this adversary proceeding seeking a determination that the trustee in bankruptcy cannot exercise the rights of a hypothetical lien creditor granted by 11 U.S.C. § 544(a)(1) or the rights of a bona fide purchaser granted by 11 U.S.C. § 544(a)(3) to avoid their interest in a duplex. The facts have been stipulated and the question of law is being decided on briefs.

The debtors in this case, Michael and Edyth Fitzpatrick, were the owners of a duplex located in McFarland, Wisconsin. In September of 1979, the debtors entered into a land contract to sell the duplex to Ellsworths. The sale price was $72,000 with a $25,000 down payment. The property was already subject to a first mortgage with Anchor Savings & Loan, and second and third mortgages with Affiliated Bank of Hilldale. Neither the land contract nor any other indication of the Ellsworths' interest was recorded at the time of transfer.

Ellsworths physically occupied the premises from December 1, 1979 until June 1, 1980. From the time the Ellsworths moved out until the present, the duplex has been occupied by renters. Tenants have paid the rent to the Ellsworths, and Ellsworths have been responsible for all routine maintenance of the duplex.

On April 23, 1982, the debtors filed their chapter 7 petition. On May 3, 1982 Ellsworths recorded their land contract.

The trustee's first claim has been made under 11 U.S.C. § 544(a)(1).[1] The

---

1. 11 U.S.C. § 544(a)(1):

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the

trustee asserts the right that a hypothetical judicial lien creditor would have in debtors' property on the date of filing bankruptcy. The rights of the judicial lien creditor are determined by state law.[2]  Reference in this case must be to the laws of Wisconsin. Wis.Stat. § 806.15(1) provides in relevant part:

> Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and occupation, trade or profession shall, for 10 years from the date of the entry thereof, be a lien on the real property (except the homestead mentioned in s. 815.20) in the county where docketed, of every person against whom it is rendered and docketed, which the person has at the time of docketing or which the person acquires thereafter within said 10 years.

In the present case, a judgment creditor who had properly docketed a judgment against the Fitzpatricks on April 23, 1982, would have no lien on the subject duplex.  The Fitzpatricks' duplex was conveyed in September of 1979, and the Ellsworths became the equitable owners at that time.  The Fitzpatricks' bankruptcy estate took only the Fitzpatricks' interest in the conveyed property,[3] as a land contract vendor.  That interest is unchanged whether the purchaser records a notice of its interest or fails to do so.  The rights of a judgment creditor of the Fitzpatricks who dockets his judgment after the Ellsworths have entered into the land contract are not enhanced by the purchasers' failure to file or record.[4]  Under Wisconsin law, a judgment creditor is not a bona fide purchaser for value who may rely on the recording act (Wis.Stat. § 706.08(1)).  *West Federal Savings and Loan v. Interstate Investment, Inc.,* 57 Wis.2d 690, 693–94, 205 N.W.2d 361 (1973).

The trustee's second claim was made under 11 U.S.C. § 544(a)(3).[5]  The trustee

---

case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists.

**2.** *See* 4 *Collier on Bankruptcy,* ¶ 544.02 at 544–8 and cases cited therein.

**3.** *See* 11 U.S.C. § 541.

**4.** In *Stanhilber v. Graves,* 97 Wis. 515, 73 N.W. 48 (1897), before a deed from Graves was recorded, Stanhilber's judgment was docketed. The court stated:
> The plaintiff's judgment could become a lien upon such interest only as *Graves* actually had in the premises at the time when it was docketed.  At that time he had no interest.  The plaintiff is not a *bona fide* purchaser for value, and so is not aided by the registry laws.

97 Wis. at 519, 73 N.W. 48 (emphasis in original, citations omitted).

Similarly, *Wenzel v. Roberts,* 236 Wis. 315, 294 N.W. 871 (1940), before Borchers recorded their vendee's interest in a land contract, a mortgagee of their vendor foreclosed by sale. In the dispute over excess proceeds from the sale, the court sustained the Borcher's claim over that of judgment creditors of the vendor whose judgments were docketed after Borchers entered into the land contract stating:
> It is the claim of the Borchers that as vendees of a land contract who have made payments upon the purchase price they had an equitable lien superior to that of a judg-

ment creditor of the mortgagor, and this in spite of the fact that the land contract was not recorded and the judgment was duly docketed.  The rule which is the foundation of this contention was established in *Wickman v. Robinson,* 14 Wis. *493, and reaffirmed in *Hamill v. Kuchler,* 203 Wis. 414, [232 N.W. 877, 234 N.W. 879], and *Security State Bank v. Monona Golf Club,* 213 Wis. 581 [252 N.W. 287].  It is also established that the lien of the judgment creditor attaches only to the interest of the judgment debtor in the property, and that it is inferior to the equitable lien of the land-contract vendee.  *Stanhilber v. Graves,* 97 Wis. 515 [73 N.W. 48].  There is no serious question as to the existence of the above rules or any attack upon their soundness.

236 Wis. at 317, 294 N.W. 871 (citations omitted).

**5.** 11 U.S.C. § 544(a)(3):
> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

has whatever rights a hypothetical bona fide purchaser of a debtor's property on the date of bankruptcy would have. Although it is specified that the trustee is deemed not to have actual notice which would defeat its claim, other aspects of bona fide purchaser status are determined by application of the substantive law of the state in which the property is located. Wis.Stat. § 706.-08(1)(a) states:

> Every conveyance (except patents issued by the United States or this state, or by the proper officers of either) which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded.

In *Bump v. Dahl,* 26 Wis.2d 607, 613–15, 133 N.W.2d 295 (1965) the court defined "purchasers in good faith" as purchasers without notice of existing rights in land, and noted three sources of information which a purchaser should consult to learn of rights in land: 1) the register of deeds, 2) other public records to check for judgments, and 3) the land itself, to discover by observation the rights which arise outside of the recording system by virtue of possession or use.

Although the trustee as a bona fide purchaser is not charged with actual notice of the plaintiffs' interest, plaintiffs contend that the trustee had constructive notice. The land contract was not recorded prior to bankruptcy, thus the trustee is not charged with constructive notice from the record. Nonetheless plaintiffs contend that the trustee can be charged with constructive notice of purchasers' interest arising from possession of the property.

In *McCannon v. Marston,* 679 F.2d 13, 9 B.C.D. 245 (3rd Cir.1982) the U.S. Court of Appeals for the Third Circuit held that the trustee could not assert bona fide purchaser status under 11 U.S.C. § 544(a)(3) where an unrecorded land contract purchaser was in physical possession. Pennsylvania law, like Wisconsin law, provided that possession constituted constructive notice of the possessor's rights in property. 679 F.2d at 16.

Thus if Ellsworths in the present case were in actual physical possession of the property, there could be no dispute that the trustee had constructive notice.

In the present case, the duplex was rented to tenants at the time debtors' bankruptcy petition was filed. There is no doubt that a purchaser would be held to constructive notice of the tenants' rights in the property. In *Ubbink v. Nieman & Co.,* 265 Wis. 442, 62 N.W.2d 8 (1953) the court stated: "the actual, open, notorious, and visible possession by a tenant is notice to the purchaser of all the tenant's rights and interests in the property...." 265 Wis. at 445, 62 N.W.2d 8. However, notice of landlord's rights by a tenant's possession has not been decided by the Wisconsin courts. In *Miller v. Green,* 264 Wis. 159, 162, 58 N.W.2d 704 (1953) the court stated that "possession is notice to the world of whatever rights the possessor may have in the premises." Whether such possession should be notice of the rights of a third party under whose interest possession was obtained is less clear.

The trustee contends that by observing this duplex a prospective buyer would find nothing inconsistent between the possession and the record title. Since this is rental property, a buyer would be fully reasonable in assuming that the tenants are leasing from the debtor. Under that analysis, a prospective buyer would be excused from constructive notice by possession whenever rental property is involved. Mere possession by any tenant would provide no clue as to the actual interest of the record owner. Mere observation of possession is not, however, what is required of a purchaser. Rather, the purchaser is under a duty to inquire of the one in possession. This duty of inquiry is articulated in *Bump v. Dahl,* 26 Wis.2d 607, 615, 133 N.W.2d 295 (1965) in which the court described constructive notice by possession:

> Under the doctrine, the purchaser is charged with notice of all the rights of the possessor and of all the facts connected therewith which a reasonable inquiry of the one in possession would disclose.

Other jurisdictions which have considered the question in a landlord-tenant context require inquiry of a tenant:

[W]here land is in possession of a tenant and a purchaser fails to make any inquiry of the tenant as to the source of his title, the latter's possession is constructive notice of the landlord's rights, and if such inquiry had been made, the tenant would naturally have referred the purchaser to his landlord from whom the purchaser could have learned the nature and character of the landlord's rights. Accordingly, actual possession of land by a tenant at the time another person acquires title thereto is constructive notice to such person of the landlord's claim to the land.

49 *Am.Jur.2d,* Landlord and Tenant § 278 (footnote omitted). *See also* 1 A.L.R.2d 322 § 1. By inquiry of the tenants' rights in the duplex, it seems inevitable that a purchaser would learn of the Ellsworths' ownership. The purchaser would at least discover that tenants paid rent to the Ellsworths not to the Fitzpatricks, and that the Ellsworths were responsible for maintenance of the duplex. Therefore I must conclude that the trustee had constructive notice arising from the tenants' possession of the property and fails to qualify as a bona fide purchaser under Wisconsin law or under 11 U.S.C. § 544(a)(3). The trustee's claim must therefore be and hereby is denied.